Ross E. Browning *et al. vs.* Earl Liberty, Sr. *Ex.*

JULY 23, 1937.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Baker, J. This case is before this court on a bill of exceptions to a decision of a justice of the superior court sustaining in part a decree of the probate court of the city of Cranston, and granting the petition of the appellee, as executor of the will of one Antonio Spencer, deceased, to be allowed to amend the inventory filed by said executor in

the probate proceedings in connection with the estate of such testator.

The appellants' bill of exceptions contains, in addition to the exception to the decision, several exceptions to the admission of evidence during the hearing. The appellants are heirs at law and residuary legatees of the deceased. By the decision of the trial justice, the appellee was permitted to amend his inventory by changing an item therein of $8550.81, set out as the amount of a deposit in the Providence Institution for Savings, to the figure $1836.32, and also by changing an item of $457.45, stated as the amount of a checking account in the Industrial Trust Company, Exchange Branch, to the figure $372.48.

The record shows that Antonio Spencer died September 16, 1933. For several years prior to his death, the appellee and another had been acting as co-conservators of the estate of the deceased, under appointment by the probate court of the city of Cranston. The deceased left a will in which the appellee was named as executor. This will was duly probated and the appellee qualified as executor thereof November 8, 1933, and has since been acting in that capacity. On December 16, 1933, he filed as executor, in the probate court in Cranston, an inventory which included the original sums set out above, which he later asked to be allowed to amend. Prior to the death of Spencer, the co-conservators had filed in the probate court in Cranston an account which had been allowed by that court. In this account the two conservators were awarded fees aggregating $5500, and the probate fees in connection with the account amounted to $5.50. The appellee gave evidence that at the time of Spencer's death there were outstanding unpaid bills in the amount of $1209 against his estate in the hands of the conservators. These bills and claims had never been included in any account filed by the conservators nor passed upon by any court. The exact amount of these bills, and to whom they were payable, was not fully ascertained until some time after the appellee had qualified as executor. These

fees and bills were paid by the appellee from estate accounts by checks signed by him as executor.

The appellee was first permitted to amend his inventory as executor by reducing its amount by $6714.50, being the total of the three amounts of $5500, $5.50, and $1209 above referred to, and to deduct that total from the item of $8550.81, leaving a balance of $1836.31 in that item of the amended inventory. He was also allowed to change the item of $457.45 in his inventory as executor to $372.48. The difference, $84.97, was made up of a conservator's check of $84.75, outstanding and paid just prior to the testator's death, and a check tax of twenty-two cents, which amounts the executor had through error neglected to deduct from the checking account in question before the original inventory was made up.

The trial justice found that the executor, in handling the estate, was acting in good faith and with the idea of saving assets and minimizing expenses, and that he mistakenly attempted as executor to take care of certain matters which were properly accounts of the conservators. The trial justice further held that, as the executor had placed in his inventory certain items which were burdened with the payment of expenses properly chargeable to the conservators, without in any way indicating that fact, a situation was shown under which an amendment to the executor's inventory was proper.

No question concerning the appraisal, as such, is involved in the instant case. The aggregate amount in the inventory as amended is reduced from the total appearing in the original solely by reason of the fact that certain assets have been excluded therefrom. The chief contention of the appellants is that the superior court did not have jurisdiction to permit an amendment to the inventory in question. In *Cronshaw* v. *Cronshaw*, 21 R. I. 54, an administratrix discovered a mistake in her inventory after an order of distribution, from which no appeal was taken, had been entered. The court, while holding in that case that she was proceed-

ing erroneously in seeking the remedy she was pursuing, stated at page 54: "Our opinion is that the petitioner, *on discovering the mistake* in the inventory, should have applied to the Court of Probate for a correction of the error and, if the application had been denied, taken an appeal from the decree denying the application." (italics ours)

In the case at bar the appellee, on discovering the alleged mistake in his inventory, applied to the probate court to be allowed to amend, and a decree was entered therein permitting him to do so. The appeal from this decree brought the matter to the superior court, which is given jurisdiction under general laws 1923, chapter 323, sec. 10, to determine the question, such section being in part as follows: ". . . and may exercise general probate jurisdiction in all cases brought before it on appeal from probate courts . . . ." In our judgment, therefore, the appellants' contention is not sound. The superior court had jurisdiction on appeal from the probate court to grant the executor permission to amend his inventory, if the circumstances of the case justified such action.

The appellants also urge that if it should become necessary for an executor to amend his inventory, the only proper time to do so is at the hearing on the executor's account, and that in the present case the petition of the executor is premature. We are in entire agreement with the appellants that the matter of the correctness of the executor's inventory is always in issue at the hearing on his account, and can at that time be questioned by any interested party. In *Hayes* v. *Welling*, 35 R. I. 76, at page 82, the court used the following language on this point: " . . . the parties to a probate accounting are not to be so concluded by the inventory and appraisement as to prevent a full and fair accounting ultimately of all property for which the executor or administrator ought to be properly accountable." We are of the opinion, however, that the hearing on the account is not the only time that the question of the accuracy of the executor's inventory can be raised, and that, as hereinbefore referred

to, under the holding in *Cronshaw* v. *Cronshaw, supra,* it may be brought to the attention of the court whenever any alleged error is discovered.

By the provisions of G. L. 1923, chap. 364, section 1, an executor, except under certain conditions, is required, within a specified time, to return to the probate court, under oath, " . . . a true inventory of all the goods, chattels, rights, and credits of the deceased . . . " which have come to his knowledge, with an appraisement thereof. When he files his account he is obliged to charge himself with the amount of such inventory. G. L. 1923, chap. 370, sec. 2. In *Hayes* v. *Welling, supra,* the court held that the filing of an inventory and appraisement as a preliminary to the accounting was not a mere matter of form and could not be dispensed with, as the plain provisions of the statute required it.

However, in *McGinity* v. *McGinity,* 19 R. I. 510, the court, in deciding that the reception and recording of an inventory by the probate court could not be treated as a judgment, and that an administratrix could correct an error in her inventory when her amended account was before the court for consideration, said at page 512: "We do not think the rendering of an inventory by an administrator, under oath to the Probate Court, and the reception and recording thereof by such court can be treated as a judgment. It is the duty of the administrator to return a true and just inventory of all the property, rights and credits of the deceased which have come to his hands or knowledge. The Probate Court in receiving and recording the same does not determine whether such inventory is right or wrong. It passes no judgment thereon. In fact, as a matter of practice, we presume that such inventory is seldom examined at all by the Probate Court unless in case it is questioned by some party in interest. It is simply ordered to be recorded. The administrator like all other persons is liable to make mistakes. He may omit by accident to inventory certain items of property belonging to the intestate, on the one hand, or he may include in such inventory by mistake property which does not

belong to the intestate, on the other, and the plainest. dictates of reason and justice require that in either case the error when discovered should be corrected."

It appears, therefore, that in ordinary cases an executor, in the first instance, determines the make-up of his inventory. He is in duty bound to return to the probate court under oath a true inventory of all goods, *etc.* of the deceased of which he knows, but he is the judge of his own knowledge on that matter. At the time such inventory is received and recorded by the probate court, its accuracy and completeness is not passed upon. However, when the executor's account, which is based on his inventory, is presented to the court for allowance any interested party may then question the correctness of the inventory. Moreover, any mistakes or errors in the inventory may be brought to the attention of the court by the executor or any one else interested in the estate whenever such mistakes or errors are discovered, in order that they may be corrected and the inventory amended. This court has held, however, in *McGinity* v. *McGinity, supra,* that, as an inventory is rendered under oath, it constitutes a solemn admission on the part of the maker that the property set out therein belonged to the deceased, and before the representative of the estate is allowed to contradict the statement thus made, it must clearly appear that in rendering the inventory an honest mistake was made.

The trial justice has found that the appellee acted honestly and in good faith with reference to his inventory, and as such finding, after an examination of the evidence, does not appear to be clearly wrong, it will not be disturbed by us. In considering the record in the instant case, we are of the opinion that the trial justice was correct in deciding that the appellee should be allowed to amend his inventory so as to have the balance in the checking account in the Industrial. Trust Company, Exchange Branch, stated as $372.48, rather than as $457.45. The placing of the latter figure in the inventory was clearly an error and justice requires that the correction be made. A similar situation was

disclosed in connection with the item of $8550.81 set out in the original inventory as the correct amount of the deposit in the Providence Institution for Savings which should be credited to the estate of the deceased.

In our judgment the finding of the trial justice that there should be deducted from that amount the sum of $5505.50 was without error. This last-mentioned figure comprised fees which had been passed upon and allowed by the probate court in the conservators' account. The latter had the right, under the circumstances, to retain a sufficient sum to cover such fees, and it was not required of the executor that he include that amount in his inventory. For the executor to place the full amount in the inventory, or, having done so, to neglect to make some notation that it did not all belong to the estate of the deceased, was a mistake which the court could correct by allowing an amendment of the inventory.

The item of $1209, which the trial justice also permitted to be deducted from the full amount of the deposit involved, namely, $8550.81, presents a more difficult question. We are of the opinion that he committed error in allowing the inventory to be reduced and amended in this respect. The figure of $1209, as hereinbefore set out, represents the alleged total of certain bills and claims against the estate of Spencer while in the hands of the conservators. These bills and claims were presented only to the conservators individually, were never included in their account, and have never been directly passed upon, as to their validity, by any court. In the present proceedings they have been referred to, but not specifically considered in any detail.

We are of the opinion that the appellants' contention is sound, that such bills and claims should appear in some account so that their correctness can be properly examined into. The pending proceedings merely present the issue of whether or not the executor has satisfied the court that through honest mistake he has included in his inventory certain items which he did not intend, and which, in his judgment, he was

not obliged to charge himself with as part of his decedent's estate. The determination of the issue is not finally settled until his account is actually allowed. Therefore, our opinion here on the present proceedings is not to be considered as *res adjudicata* of the rights of any of the parties including the executor, to have his inventory passed upon by the court when his account comes before it for allowance.

If the deduction of this item from the inventory is now permitted, the appellants, by questioning the appellee's amended inventory, when his account is filed, could properly raise the question of the correctness of the bills making up the total amount of $1209, which bills they desire to have examined into. This would place the burden of going forward upon the appellants. However, under the circumstances shown by the evidence herein, and because the present situation in regard to such bills and claims is due to the acts of the appellee, and the manner in which he has attempted to settle the accounts of the conservators, even though done by reason of an honest mistake on his part, we are of the opinion that he, rather than the appellants, should have the burden of explaining such bills and claims, and showing that they are correct and have been properly paid, and that this should be done at the hearing on the allowance of his account. We find, therefore, that the item of $8550.81, as stated in the original inventory, should be reduced by the figure of $5505.50 only, and as reduced and as so amended should amount to $3045.31. In all other respects the decision of the trial justice is approved.

We have considered the appellants' exceptions to the admission of evidence and find them to be without merit.

All of the appellants' exceptions are overruled, excepting their sixth exception which is sustained to the extent indicated in the foregoing opinion and in relation to the claims amounting to $1209 only, and the case is remitted to the superior court for further proceedings following the decision of the superior court and this opinion.

*W. Louis Frost,* for appellants.

*Ralph M. Greenlaw,* for appellee.